ELECTRONICALLY FILED
Jan 05 2024
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, and
ALLSTATE INDEMNITY COMPANY,

    Plaintiffs,

v.

Civil Action No. 1:24-CV-6
Honorable Kleeh

RODGER W., individually and as the
Administrator of The Estate of HYRUM W.,
and CARLEY S.

    Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Come now Allstate Vehicle and Property Insurance Company and Allstate Indemnity Company (hereinafter sometimes collectively referred to as "Allstate"), pursuant to Rule 57 of the *Federal Rules of Civil Procedure*, 28 U.S.C. § 1332 and 2201, and *W.Va. Code §55-13-1 et seq.*, and for their Complaint for Declaratory Relief states as follows:

1. Plaintiff Allstate Vehicle and Property Insurance Company is an Illinois corporation, with its principal place of business in Illinois.

2. Plaintiff Allstate Indemnity Company is an Illinois corporation, with its principal place of business in Illinois.

3. Defendant Rodger W. is, upon information and belief, a resident of the State of West Virginia, and is the Administrator of the Estate of Hyrum Briar W. who was, at the time of his death, a resident of Morgantown, Monongalia County, West Virginia.[1]

---

[1] Allstate has utilized initials for the last names of the Defendants and of the decedent Hyrum W. as necessary to protect the privacy of these individuals and their interactions and associations with the State of West Virginia Department of Health and Human Services.

37098/456895

1

4.      Defendant Carley S. is, upon information and belief, a resident of Morgantown, Monongalia County, West Virginia.

5.      The transactions giving rise to this Complaint for Declaratory Relief occurred in Monongalia County, in the Northern District of West Virginia.

6.      This Court has venue and jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and §2201, based upon complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.

## FACTUAL BACKGROUND

7.      This matter arises out of the July 15, 2022 death of Hyrum W., who was, at the time of his death, a four month old infant who had been placed in foster care with Defendant Carley S. at her home located at 1082 Koontz Avenue, Morgantown, WV 26505-3321 by the West Virginia Department of Health and Human Resources

8.      On or about August 3, 2023, more than one (1) year after the incident at issue, Allstate was notified of claims being asserted by Defendant Rodger W., the paternal grandfather of the Decedent Hyrum W., against Defendant Carley S. in connection with the death of Hyrum W.

9.      According to the materials provided by the representative of Defendant Rodger W., the State of West Virginia Department Of Health And Human Resources received a July 15, 2022 report which indicated that Hyrum W. had died of asphyxia while in the custody of Defendant Carley S., and concluded with a finding that child neglect had occurred.

## THE ALLSTATE POLICIES

### Home Policy No. 801 656 142

10. Allstate Vehicle and Property Insurance Company issued Home Policy No. 801 656 142 to Jerry S. and Antoinette S. (the parents of Defendant Carley S.) and Defendant Carley S. (together the "Named Insureds" under said Policy) for the relevant policy period of January 24, 2022 through January 24, 2023. This Policy insured the property located at 1082 Koontz Avenue, Morgantown, WV 26505-3321.

11. It is noted on the Policy Declarations of Policy No. 801 656 142 that Family Liability Protection and Guest Medical Protection were "not purchased."

### Home Policy No. 977 213 793

12. Allstate Vehicle and Property Insurance Company issued Home Policy No. 977 213 793 to Jerry S. and Antoinette S. for the relevant policy period of February 8, 2022 through February 8, 2023. This Policy insured property located at 1078 Windsor Avenue, Morgantown, WV 26505-3326 and provided Family Liability Protection at $300,000 per occurrence and Guest Medical Protection at $1,000 per person.

13. Defendant Carley S. is not a named insured on Policy No. 977 213 793 and the Policy does not extend to the 1082 Koontz Avenue, Morgantown, WV 26505-3321 property insured under Policy 801 565 142.

14. Both Home Policies provide, in relevant part, as follows:

> **Agreements We Make With You**
> **We** make the following agreements with **you**:
>
> **General**
> **Definitions Used In This Policy**
> Throughout this policy, when the following words appear in bold type, they are defined as follows:

1. **Bodily injury**—means physical harm to the body, including sickness or disease, and resulting death, except that **bodily injury** does not include:
a) any venereal disease;
b) herpes;
c) Acquired Immune Deficiency Syndrome (AIDS);
d) AIDS Related Complex (ARC);
e) Human Immunodeficiency Virus (HIV);

or any resulting symptom, effect, condition, disease or illness related to a) through e) listed above.

\* \* \*

4. **Dwelling**—means the single-family **building structure**, identified as the insured property on the Policy Declarations, where **you** reside and which is principally used as a private residence.

5. **Insured person(s)**—means **you** and, if a resident of **your** household:
   a) any relative; and
   b) any person under the age of 21 in **your** care.

\* \* \*

6. **Insured premises**—means:
a) the **residence premises**; and
b) under **Section II** only:
1) the part of any other premises, other structures and grounds used by **you** as a residence. This includes premises, structures and grounds **you** acquire for **your** use as a private residence while this policy is in effect;

\* \* \*

7. **Occurrence**—means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.

\* \* \*

10. **Residence premises**—means the **dwelling**, other structures and land located at the address stated on the Policy Declarations.

\* \* \*

14. **You** or **your**—means the person listed under Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse.

**Insuring Agreement**

In reliance on the information **you** have given **us**, **we** agree to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due and comply with the policy terms and conditions, and inform **us** of any change in title, use or occupancy of the **residence premises.**

Subject to the terms of this policy, the Policy Declarations shows the location of the **residence premises**, applicable coverages, limits of liability and premiums. The policy applies only to losses or **occurrences** that take place during the policy period. The Policy Period is shown on the Policy Declarations. This policy is not complete without the Policy Declarations.

This policy imposes joint obligations on the Named Insured(s) listed on the Policy Declarations and on that person's resident spouse. These persons are defined as **you** or **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** or **your**.

This policy imposes joint obligations on persons defined as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person defined as an **insured person**.

\* \* \*

**Section II—Family Liability And Guest Medical Protection**

**Family Liability Protection—Coverage X**

**Losses We Cover Under Coverage X:**
Subject to the terms, conditions and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

**Losses We Do Not Cover Under Coverage X:**

\* \* \*

2.      **We** do not cover **bodily injury** to an **insured person** or **property damage** to property owned by an **insured person** whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**.

\* \* \*

**Guest Medical Protection-Coverage Y**

**Losses We Cover Under Coverage Y:**
**We** will pay the reasonable expenses incurred for necessary medical,

surgical, X-ray and dental services, ambulance, hospital, licensed nursing and funeral services, and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals.

These expenses must be incurred and the services performed within three years from the date of an **occurrence** causing **bodily injury** to which this policy applies, and is covered by this part of the policy.

Each person who sustains **bodily injury** is entitled to this protection, when that person is:
1.      on the **insured premises** with the permission of an **insured person**; or
2.      off the **insured premises**, if the **bodily injury**;
a)      arises of a condition on the **insured premises** or immediately adjoining ways;
b)      is caused by the activities of an **insured person** or a **residence employee**;
c)      is caused by an animal owned by or in the care of an **insured person**; or
d)      is sustained by a **residence employee**.

**Losses We Do Not Cover Under Coverage Y:**

\* \* \*

2.      **We** do not cover **bodily injury** to any **insured person** or regular resident of the **insured premises. We** will not apply this exclusion to a **residence employee**.

\* \* \*

**Section II Conditions**
1.      **What You Must Do After A Loss**
In the event of **bodily injury** or **property damage**, **you** must do the following:
a)      Promptly notify **us** or **our** agent stating:
1)      **your** name and policy number;
2)      the date, the place and the circumstances of the loss;
3)      the name and address of anyone who might have a claim against an **insured person**;
4)      the names and addresses of any witnesses.
b)      Promptly send **us** any legal papers relating to the accident.
c)      At **our** request, an **insured person** will:
1)      cooperate with **us** and assist **us** in any matter concerning a claim or suit;
2)      help **us** enforce any right of recovery against any person or organization who may be liable to an **insured person**;
3)      attend any hearing or trial.

* * *

2. **What An Injured Person Must Do—Guest Medical Protection-Coverage Y**

If someone is injured, that person, or someone acting for that person, must do the following:

a) Promptly give **us** written proof of the loss. If **we** request, this must be done under oath.

b) Give **us** written authorization to obtain copies of all medical records and reports.

c) Permit doctors **we** select to examine the injured person as often as **we** may reasonably require.

3. **Our Payment Of Loss—Guest Medical Protection-Coverage Y**

**We** may pay the injured person or the provider of the medical services. Payment under this coverage is not an admission of liability by **us** or an **insured person**.

4. **Our Limits of Liability**

Regardless of the number of **insured persons**, injured persons, claims, claimants or policies involved, **our** total liability under **Family Liability Protection-Coverage X** for damages resulting from one **occurrence** will not exceed the Limit Of Liability shown on the Policy Declarations. All **bodily injury** and **property damage** resulting from continuous or repeated exposure to the same general conditions is considered the result of one **occurrence**.

**Our** total liability under **Guest Medical Protection-Coverage Y** for all medical expenses payable for **bodily injury**, to any one person, shall not exceed the "each person" Limit Of Liability shown on the Policy Declarations.

* * *

8. **Other Insurance—Family Liability Protection-Coverage X**

This insurance is excess over any other valid and collectible insurance except insurance that is written specifically as excess over the limits of liability that apply to this policy.

* * *

**Personal Umbrella Policy No. 977 511 897**

15. Allstate Indemnity Company issued Personal Umbrella Policy No. 977 511 897 (the "PUP Policy") to Jerry S. and Antoinette S. for the relevant policy period of August 13, 2021 through August 13, 2023.

16. Defendant Carley S. is only identified on Policy No. 977 511 897 as an operator in the household.

17. Excess Liability Coverage is provided under the PUP Policy at $1,000,000 per occurrence.

18. It is noted on the Policy Declarations of the PUP Policy that Additional Dwelling Rented To Others was not purchased. The Required Underlying Insurance Limits requires coverage for Personal Liability – Bodily Injury and Property Damage Liability as follows: 1) Homeowners at $300,000 per occurrence, and 2) One, Two, Three or Four Family Residential Rental Property – Bodily Injury and Property Damage Liability at $300,000 per occurrence.

19. The PUP Policy provides, in relevant part, as follows:

*General Provisions*

*Definitions Used In This Policy*
1. **Bodily injury** means:
a) Physical harm to the body, including sickness, disease, disability or death resulting from physical harm to the body;
b) shock, mental anguish or mental injury.

\* \* \*

4. **Insured person** means:
a) **you**, and any other person who is named on the Policy Declarations;
b) any person related to **you** by blood, marriage or adoption who is a resident of **your** household; or
c) any dependent person in **your** care, if that person is a resident of **your** household.

\* \* \*

5. **Occurrence** means an accident during the policy period, including continued and repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury, personal injury** or **property damage**.

\* \* \*

8. **Retained limit** means the amount of damages an **insured person** must assume and pay for any **occurrence** if:
    a) no underlying insurance is required; and

b) no other insurance applies to the **occurrence**.

\* \* \*

10. **You** or **your** means the person named on the Policy Declarations as the insured and that person's resident spouse.

\* \* \*

*Insuring Agreement*

In reliance on the information **you** have given **us**, **we** agree to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due and comply with all policy terms and conditions. This includes maintaining all Required Underlying Insurance.

The terms of this policy impose joint obligations on persons defined as **insured persons**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person defined as an **insured person**.

This policy provides only excess insurance. It does not contribute with any Required Underlying Insurance or other insurance which applies to an **occurrence**. It also is excess to any **retained limit** an **insured person** assumes.

*When And Where The Policy Applies*

This policy applies to an **occurrence** anywhere in the world that takes place during the policy period. The Policy Declarations show the policy period. This policy is not complete without the Policy Declarations.

\* \* \*

*Duty To Report Policy Changes*

**Your** policy was issued in reliance on the information **you** provided. Changes may occur to the information **you** gave us on **your** application for this policy or to **your** Required Underlying Insurance policies during the policy period. If so, **you** must inform **us** within 30 days of the following:
1.   Changes in:
a)   **your** address or the change of address of any **insured person**;
b)   limits of liability of **your** Required Underlying Insurance.

\* \* \*

*Required Underlying Insurance*

**You** must maintain the Required Underlying Insurance policy. **You** must maintain the Required Underlying Insurance at or above the limits as shown on the Policy Declarations "Required Underlying Limit" at all times for each liability exposure any **insured person** has. If **you** fail to maintain the Required Underlying Insurance policy applicable to the **occurrence**, there will be no coverage for any **insured person** under this policy until the damages exceed the Required Underlying Insurance limit for that exposure. If the underlying insurance applicable to the **occurrence** does not provide

at least the limits required under this section of this policy, **you** will be responsible for the damages up to the Required Underlying Insurance amounts.

If **you** maintain limits equal to or greater than the Required Underlying Insurance limits, this policy will apply as excess above the actual limits **you** maintain. If any of **your** underlying coverage limits are used up, reduced, or canceled:

1.   **you** must try to replace the coverage; and

2.   **you** must notify **us** immediately.

* * *

*Excess Liability Insurance – Bodily Injury and Property Damage Coverage XL*

*Section 1*
Under Section 1 of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising out of an **occurrence** that is both a loss **we** cover under **Excess Liability Insurance—Bodily Injury and Property Damage—Section 1** of this policy and a covered loss under **your** Required Underlying Insurance policy.

**We** will not pay any punitive or exemplary damages, fines and penalties.

* * *

*Losses We Cover Under Excess Liability Insurance – Bodily Injury and Property Damage – Section 1*
**We** will cover an **occurrence** arising only out of:
1.   Personal activities of an **insured person**.

* * *

*Amounts We Pay – Section 1*
**We** will pay only that amount of damages which exceeds the sum of:
1.   the limits specified in this policy for the Required Underlying Insurance under which the **occurrence** is a covered loss; plus

2.   the limits of any and all other liability insurance available to an **insured person** which apply to the **occurrence**.

However, in no event shall **we** pay any amount about **our** limit of liability. **We** will not pay the difference between the limits specified in this policy as Required Underlying Insurance and any lower limits actually in effect.

*Section 2*

Under Section 2 of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising only out of:

1. a covered **occurrence** for which Required Underlying Insurance is not required by this policy; or

2. a covered **occurrence** for which **you** are required by this policy to maintain Required Underlying Insurance but there is no Required Underlying Insurance in effect at the time of the **occurrence**.

**We** will not pay any punitive or exemplary damages, fines and penalties.

*Losses We Cover Under Excess Liability Insurance – Bodily Injury and Property Damage – Section 2*

**We** will cover an **occurrence** arising only out of:
1. Personal activities of an **insured person**.

\* \* \*

*Amounts We Pay – Section 2*

**We** will pay only that amount of damages which exceeds the sum of:
1. the limits specified in this policy's Policy Declarations for Required Underlying Insurance required by this policy for the **occurrence** even though such Required Underlying Insurance was not in effect at the time of the **occurrence**; plus

2. the limits of any and all other liability insurance available to an **insured person** which apply to the **occurrence**.

However, if no other insurance is required or no other insurance applies to the **occurrence**, **we** will pay only those amounts which exceed the **retained limit**, up to the applicable limit of liability shown on the Policy Declarations.

In no event shall **we** pay any amount above **our** limit of liability.

*Exclusion – Losses We Do Not Cover Under Excess Liability Insurance – Bodily Injury and Property Damage—*
*Section 2*

**Excess Liability Insurance—Bodily Injury and Property Damage – Section 2** will not apply:
1. To any **occurrence** covered under **Excess Liability Insurance— Bodily Injury and Property Damage—Section 1** or under **Excess Liability Insurance—Personal Injury**.

\* \* \*

7.    To **bodily injury** to an **insured person**.

* * *

*Section 3—Common Provisions*

*Limit Of Liability*
**Our** total liability under **Excess Liability Insurance – Bodily Injury and Property Damage** for damages arising out of one **occurrence** will not exceed the "each occurrence" limit shown on the Policy Declarations, regardless of the number of:
1. **insured persons**;
2. claims;
3. claimants;
4. injured persons; or
5. policies involved.

* * *

There will be no duplication of payments made under **Excess Liability Insurance—Bodily Injury and Property Damage Section 1 and Excess Liability Insurance—Bodily Injury and Property Damage Section 2** of this policy.

*When We Pay*
**We** will not begin to make payment for any damages resulting from an **occurrence** covered by this policy until **our** liability has been determined by:
1. agreement between the claimant and **us**; or

2. a final judgment against an **insured person**.

Claim for payment must be made within 12 months after determination of **our** liability. If additional claims are filed due to the same **occurrence**, payment will be made within 30 days after the **insured person** gives **us** proper proof.

*Defense We Will Provide*
**We** will defend an **insured person** sued as the result of an **occurrence** covered by this policy. **We** will not defend any **insured person** against any claim for punitive or exemplary damages.

When defense is provided by the insurer providing the Required Underlying Insurance or any other liability insurance, **we** maintain the right to join in the defense of any claim or suit which may require **us** to pay.

If the **insured person** fails to maintain the Required Underlying Insurance, **we** will not defend any **insurance person** for any amount of damages falling within the Required Underlying Insurance limits.

\* \* \*

**We** may investigate and settle any claim or suit as **we** consider appropriate.

*Additional Payments We Will Make*
In defending an **insured person**, **we** will pay the following regardless of **our** limits of liability;
1.      Premiums on appeal bonds and on bonds to release attachments. **We** have no obligation to apply for or furnish these bonds.

2.      Court costs for defense.

3.      Interest accruing on damages awarded. **We** will pay this interest only until **we** have paid, tendered or deposited in court the amount of damages for which **we** are liable under this policy. **We** will only pay interest on the amount of damages for which **we** are liability under this policy, not exceeding **our** limits of liability.

**We** will repay an **insured person** for all reasonable expenses incurred at **our** request, arising from an **occurrence we** cover. This includes payment for actual loss of wages. **We** are not obligated to repay any expenses incurred by an **insured person** if the **insured person** takes any action or makes any payments other than for covered expenses. **Our** payment for lost wages will not exceed:
1.      $150 per day; nor

2.      A total of $5000 per **insured person**.

*Retained Limit*
**Retained limits** vary by state. The **retained limit** that applies to this policy is determined by the state shown in the address in the Policy Declarations and the dollar amount shown below for that state.
\* \* \*
This amount only applies if:
1.      **bodily injury** or **property damage** arises out of an **occurrence** that is not covered under **Excess Liability Insurance—Bodily Injury and Property Damage—Section 1**; and

2.      no other insurance is required or no other insurance applies to the **occurrence**.

An **insured person** must promptly repay **us** for any amount **we** have advanced on that person's behalf which is within the applicable **retained limit**. **We** will give the **insured person** notice of any repayment due.
\* \* \*

*Conditions*

*What To Do If There Is An Occurrence, Claim Or Suit Notice*
**You** must give **us** prompt written notice of any **occurrence** to which this policy may apply. **You** must also promptly give **us** all legal papers or reports relating to the **occurrence** when a claim or suit is filed against any **insured person**. **You** must also notify **your** underlying insurer.

*Assistance And Cooperation*
When **we** join in defense of any claim or suit, **we** and the **insured person** will cooperate in good faith. **You** must also cooperate with **your** underlying insurer.

*Our Rights Under This Policy – Right Of Appeal*
If an **insured person** or any other insurer elects not to appeal a judgment exceeding the limits of the Required Underlying Insurance, any other insurance or the **retained limit**, **we** may do so. **We** will pay the cost and interest incidental to the appeal. **We** will not be liable for more than the applicable limit shown on the Policy Declarations plus the incidental costs and interest.

*Settlement Or Defense*
**We** may assume control of the settlement and **we** may assume the defense of any claim or suit against any **insured person** if:
1. The limits of any Required Underlying Insurance or any other insurance have been exhausted by payment; or

2. The insurer provided the Required Underlying Insurance or any other applicable insurance is or becomes bankrupt or insolvent within one year after the **occurrence**.

*Subrogation*
When **we** pay, an **insured person's** right of recovery from anyone else become **ours** up to the amount **we** have paid. This includes any rights to claims against any other insurer which failed in its obligation to provide insurance applying to the **occurrence**. The **insured person** must protect these rights and help **us** enforce them. **We** cannot be required to exercise these rights.

**West Virginia**
**Personal Umbrella Policy**
**Amendatory Endorsement – AS422-1**
I.   In the **General Provisions** section, the following changes are made:

A.   Under **Definitions Used In This Policy**, the following changes are made:

1. The definition of **bodily injury** is replaced by the following:

1. **Bodily injury** means:

a) physical harm to the body, including sickness, disease, disability or death resulting from physical harm to the body;
b) shock, mental anguish or mental injury.

* * *

C. The following provisions are added:

**What Law Will Apply**
This policy is issued in accordance with the laws of West Virginia and covers risks principally located in West Virginia. Subject to the following paragraph, the laws of West Virginia shall govern any and all claims or disputes in any way related to this policy.

* * *

III. Under **Excess Liability Insurance – Bodily Injury and Property Damages-Coverage XL**, the following changes are made:
A. The **Losses We Cover Under Excess Liability Insurance—Bodily Injury and Property Damage—Section 1** provision is replaced by the following:

**Losses We Cover Under Excess Liability Insurance—Bodily Injury and Property Damage—Section 1**
**We** will cover an **occurrence** arising only of out:
1. Personal activities of an **insured person**.

* * *

C. Under **Section 3--- Common Provisions**, the provision titled **When We Pay** is replaced by the following:

**When We Pay**
**We** will not begin to make payment for any damages resulting from an **occurrence** covered by this policy until **our** liability has been determined by:
1. agreement between the claimant and **us**; or

2. a final judgment against an **insured person**.

Claim for payment must be made within 12 months after determination of **our** liability. If additional claims are filed due to the same **occurrence**, payment will be made within 15 days after the **insured person** gives **us** proper proof.

* * *

V.      Under **Excess Liability Insurance—Personal Injury—Coverage XP**, the provision titled **When We Pay** is replaced by the following:

**When We Pay**
**We** will not begin to make payment for any damages resulting from an **occurrence** covered by this policy until **our** liability has been determined by:

1.      agreement between the claimant and **us**; or

2.      a final judgment against an **insured person**.

Claim for payment must be made within 12 months after determination of **our** liability. If additional claims are filed due to the same **occurrence**, payment will be made within 15 days after the **insured person** gives **us** proper proof.

All other policy terms and conditions apply.

20.     Because the date of loss in this case was July 15, 2022, and the claim was not reported to Allstate until over one year later on August 3, 2023, Allstate was not provided with prompt and timely notice of the loss as required under the subject Allstate Policies and Allstate's rights may have been prejudiced by said untimely notice.

21.     Under Policy 801 656142, which covers the 1082 Koontz Avenue property, the Named Insureds are Jerry S., Antoinette S., and Defendant Carley S. and the Policy Declarations indicate that neither Family Liability Protection nor Guest Medical Protection were purchased.

22.     Allstate Policy 977 213 793, which covers the 1078 Windsor Avenue property, does provide Family Liability Protection – Coverage X in the amount of $300,000 per occurrence and Guest Medical Protection – Coverage Y at $1,000 per person. However, Policy 977 213 793 does not include Carley S. as a Named Insured. Therefore, no coverage is provided under Policy 977 213 793 unless Carley S. would be determined to be a resident of 1078 Windsor Avenue at the time of the death of Hyrum W.

23. Defendant Carley S. is a Named Insured under Policy 801 656 142 and, thus, "You" as defined under the Policy. Likewise, Hyrum W. would also be an "insured person" by definition under that Policy since he was a resident of Carley S's household and was a person under the age of 21 who was placed in the physical care of Carley Summers by the State of West Virginia.

24. As such, if one were to assert that Defendant Carley S. qualified as an insured person under the Family Protection Coverage – X provided under Policy No. 977 213 793, Hyrum W. would also necessarily qualify as an insured person under that Policy for the same reasons.

25. Under the Exclusions to the Family Liability Coverage - X., at Exclusion 2., the Policy provides that there is no coverage for "bodily injury" to an "insured person" (which Hyrum W. would be if Defendant Carley S. qualifies as an insured) whenever any benefit of the coverage would accrue directly, or indirectly, to an "insured person." Therefore, regardless of whether Defendant Carley S. is asserted to be an insured person under Policy No. 977 213 793, there is no coverage under this Policy for Hyrum W.'s death since any such finding would mean that Hyrum W. was also an "insured person" under the Policy.

26. Likewise, the Guest Medical Protection Coverage Y under each Home Policy contains a similar Exclusion and provides that coverage does not apply to "bodily injury" to any "insured person" or regular resident of the insured premises.

27. Finally, both Allstate Home Policies provide that, if there is any other valid and collectible insurance, except insurance that is written specifically as excess over the limits of liability that apply to the Allstate Policy, the Allstate Policy is excess over the other valid and collectible insurance. Therefore, to the extent that there is any primary liability coverage available through the organization that placed Hyrum .W. with Carley S., any Allstate coverage would be excess to such coverage.

28.     With respect to the PUP Policy Number 977 511 897, Jerry S. and Antoinette S. are the Named Insureds and Defendant Carley S. is identified only as a vehicle operator.

29.     The Required underlying limits of the PUP Policy are Homeowners coverage at $300,000 per occurrence. The Policy Declarations states that Additional Dwelling Rented to Others coverage was not purchased.

30.     Under the definition section of the PUP Policy, "insured person" includes "You" (Jerry S. and Antoinette S.) and persons related to you by blood , marriage or adoption who are a resident of your household or any dependent person in their care who is a resident of their household.

31.     Because Hyrum W. would also meet the definition of an "insured person" for which coverage is excluded under the underlying policies, no coverage applies under the PUP Policy for the death of Hyrum W. since the PUP Policy applies to an "occurrence" on only an excess insurance basis and requires that the loss also be covered under the "Required Underlying Insurance policy."

32.     There is an actual controversy between Allstate, Defendant Rodger W., and Defendant Carley S. with respect to coverage under the Allstate Policies.

**WHEREFORE,** Allstate Vehicle and Property Insurance Company and Allstate Indemnity Company respectfully request that this Court grant it declaratory relief as follows:

    a.    That neither Home Policy 801 656 142 nor Home Policy No. 977 213 793 provide coverage for the claims arising from the death of Hyrum W.;

    b.    That the PUP Policy Number 977 511 897 does not provide coverage for the claims arising from the death of Hyrum W. ; and

    c.      That Allstate Vehicle and Property Insurance Company and Allstate Indemnity Company are entitled to such further and additional relief as the Court may deem just and proper.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ALLSTATE INDEMNITY COMPANY DEMAND A TRIAL BY JURY AS TO ALL QUESTIONS OF FACT, IF ANY.**

                                  **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ALLSTATE INDEMNITY COMPANY**

                                    By counsel,

/s/ *Brent K. Kesner*
Brent K. Kesner (WVSB #2022)
Tanya M. Kesner (WVSB #5162)
Ernest G. Hentschel, II (WVSB #6006)
**Kesner & Kesner, PLLC**
112 Capitol Street
P. O. Box 2587
Charleston, WV   25329
*Phone:* (304) 345-5200
*Fax:*  (304) 345-5265